IN THE UNITEDE STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MARY MANLEY, § <br> § <br> PLAINTIFF, § <br> § <br> § <br> § <br> v. § <br> § <br> § <br> STOY LAW GROUP PLLC, a Texas § <br> Domestic Limited Liability Company § <br> § <br> And § <br> § <br> CHRISTOPHER E. STOY, an individual § <br> S <br> DEFENDANTS | CASE No._____ |

# PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW MARY MANLEY ("**Plaintiff**") and files this, her Original Complaint, against Defendants and each of them.  In support thereof, Plaintiff, respectfully, shows the Court

## I.   PARTIES AND SERVICE OF PROCESS

**1.**    Plaintif, an adult female, resides in, is a citizen of, and is domiciled in the State of Utah.

**2.**    Stoy Law Group (the "**Firm**") is a Texas domestic limited liability company licensed to do business in the State of Texas and may be served with summons via

       **Christopher E. Stoy,**
       **Registerede Agent**
       **Stoy Law Group PLLC.**
       **505 Pecan Street**
       **Ste. 201**
       **Fort Worth, Texas 76102**

3.    Christopher E. Stoy ("**Defendant**") is an adult individual residing in, is a citizen of and is domiciled in the State of Texas. He may be served with summons at his place of business via

       **Christopher E. Stoy,**
       **505 Pecan Street**
       **Ste. 201**
       **Fort Worth, Texas 76102**

4.    The Firm and Defendant are collectively referred to hereafter as **"Defendants."**

## II.    JURISDICTION and VENUE

5.    **Jurisdiction**. Complete diversity of citizenship exists between the parties, Plaintiff and Defendants. Plaintiff, as alleged in ¶1 above, is a citizen of the State of Utah. The Firm, as alleged in ¶2 above, is a domesticated Texas company doing business in Texas. Defendant, as alleged in ¶3 above, is a citizen of Texas. The actual amount in controversy herein is in excess of $150,000. The Court has jurisdiction under 28 USC §1332.

6.    **Venue.** The vast majority, if not all, of the underlying facts of this lawsuit occurred within Tarrant County, State of Texas, and within the territorial venue of this Court.

### III.   CONDITIONS PRECEDENT

7.      According to the terms of Exhibit A, the "Agreement," which is incorporated herein and described in ¶8 hereafter in this Original Complaint, there are two conditions precedent: (1) the parties are to attempt to settle their differences via a negotiated settlement and, failing that, (2) engage in nonbinding mediation. Plaintiff states and represents that Plaintiff attempted but failed to effect a personal negotiated settlement.

8.      Plaintiff's counsel then sent the Firm, via the State of Texas Bar electronic mail system, a request for mediatior nominees.  No response was received.  Accordingly, as a condition precedent to further proceeding, Plaintiff requests the Court, retain jurisdiction of this matter, and first appoint a magistrate as mediator herein for the purpose of attempting to obtain a resolution of the parties' dispute. [1]

### IV.   STATEMENT OF FACTS

9.      On November 1, 2021, the Firm hired Plaintiff as its Chief Operating Officer, as well as an attorney-at-law to provde the Firm's clients with legal services, pursuant to the terms of an Employment and Compensation Agreement, executed by Plaintiff and the Firm, a true and correct copy of which is attached to this Original Complaint, marked "**Exhibit A,**" and by this reference is made a part of this Original Complaint ("**Agreement**").

---

[1] Exhibit A, the Agreement, provides that all suits regarding *any matter covered by this agreement* shall be filed in a court of competent jurisdiction in Tarrant County, Texas.

10. In negotiating terms of the Agreement, Plaintiff was, among other things, materially induced to execute the Agreement because of the specifically negotiated binding provisions covering compensation to Plaintiff in the event of the Agreement's termination. Plaintiff was then living outside of Texas engaged in a law practice which was substantially equivalent to the compensation terms of the Agreement, but for the severance compensation provisions. Plaintiff relied on those provisions which Plaintiff believed would partially cover risks and relocation expense in case the Texas arrangement didn't work out.

11. Plaintiff was at all relevant times herein present, willing and able to perform all essential functions of her job as outlined in the Agreement and did so-absent the intentional interference by Defendant.

12. On July 18, 2023, the Firm, instigated by Defendant, terminated the Agreement and Plaintiff's employment. A true and correct copy of that termination notification is attached to this Original Complaint, marked "Exhibit B," and by this reference is made a part of this Original Complaint ("Termination").

13. By the terms of the Agreement and Termination, the Firm owes Plaintiff, among other items, the sum of $100,000.00 in severance pay, $92, 307.84 in unpaid compensation, plus unpaid commissions all of which the Firm has refused and still refuses to pay.

14. Just prior to the Termination, unrelated to Firm business, but because of Defendant's alleged unacceptable and insidious behavior, Plaintiff filed suit against Defendant for divorce.

15. Acting willfully and intentionally to serve his own personal interests at the expense of the Firm's interests, Defendant not only intentionally interferred with Plaintiff's performance under the Agreement by not only making it burdensome, difficult, and expensive but also causing and effectuating the Agreement's termination-even to the point of inducing the Firm to dishonor the Firm's compensation commitments as stated ¶13 above.

16. As a direct and proximate result of Defendant's willful, knowing, and intentional behavior, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress.

## V.   COUNT ONE: CONDITION PRECEDENT

17. Plaintiff re-alleges the allegations contained in ¶s 1 through 16 above and incorporates the same by reference as though fully set forth herein.

18. Plaintiff requests the Court to retain its jurisdiction herein and first enforce the Agreement's remaining condition precedent and enter its order appointing a magistrate as mediator herein for the purpose of attempting resolution of the parties' dispute.

## VI.   COUNT TWO: BREACH OF CONTRCT

19. Plaintiff re-alleges the allegations contained in ¶s 1 through 16 above and incorporates the same by reference as though fully set forth herein.

20. The Agreement as herein described was a valid enforceable contract.

21. Plaintiff is a proper party to sue for breach of the said contract.

22. Plaintiff performed and/or tendered performance of all of the contract's obligations.

23. The Defendants breached the contract.

24. The Firm's breach caused injury to Plaintiff.

## VII.   COUNT THREE:  TORTIOUS INTERFERENCE WITH CONTRACT

25. Plaintiff re-alleges the allegations contained in ¶s 1 through 16 above and incorporates the same by reference as though fully set forth herein.

26. Plaintiff had a valid contract.

27. Defendant willfully and intentionally interfered with the contract.

28. The interference proximately caused loss and injury to Plaintiff.

29. Plaintiff suffered and incurred actual loss and damage.

## VIII. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. Plaintiff re-alleges the allegations contained in ¶s 1 through 29 above and incorporates the same by reference as though fully set forth herein.

31. As a direct and proximate result of Defendant's willful, knowing, and intentional tortious conduct toward Plaintiff, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## IX. JURY TRIAL DEMANDED

32. Plaintiff requests that this action be heard before a jury.

## X. DAMAGES

33. The Defendants' conduct constitutes violations of statutory and/or common law. Such unlawful conduct seriously affects Plaintiff in her occupation, trade and business. Because of Defendants' unlawful conduct, Plaintiff has suffered, suffers, and will continue to suffer emotional and mental health injuries, humiliation, mental anxiety and stress, and other damages. Plaintiff has suffered these direct injuries as a proximate result of the unlawful practices, policies and procedures of Defendants.

Accordingly, Plaintiff seeks all general, special, incidental, and consequential damages in an amount to be proved at trial.

34. Because of Defendant's unlawful and tortious conduct, it has been necessary for Plaintiff to retain the undersigned attorney to represent her in these causes of action Plaintiff has agreed to pay her attorneys reasonable attorney's fees for the preparation and trial of these causes, and further for any appeal thereof should same become necessary.

35. Additionally, Plaintiff has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve her ability to earn a living. Accordingly, Plaintiff seeks all general, special, incidental, and consequential damages as shall be proven at trial.

36. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendant does not promptly tender damages assessed against them and to avoid unjustly enriching Defendant.

## XI. PRAYER

WHEREFORE, premises considered, Plaintiff prays that the Defendant be cited to appear and attend this Court's appointed mediation in the agreed-upon effort to attempt to resolve this dispute. Should mediation fail for any reason, the Defendants should answer Plaintiff's original complaint and that on final trial, Plaintiff should have judgment against the Defendants for:

a. All damages to which Plaintiff may be entitled pursuant to this Complaint, or any amendments thereto, including, but not limited to back pay, reinstatement or front pay in lieu of reinstatement, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, Plaintiff's entitled to severance pay and all other statutory relief at law, and equity;

b. Compensatory damages for pain and mental suffering in the past and future;

c. Punitive damages in an amount above the minimum jurisdictional limit of the Court;

d. Reasonable attorney's fees, with conditional awards in the event of appeal;

e. Pre-judgment interest at the highest rate permitted by law;

f. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

g. Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

i. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

*s/   David M. Curtis*

**DAVID M. CURTIS & ASSOCIATES, PC**
Texas State Bar No. 000527090
7750 North MacArthur Blvd.
STE. 120-373
Las Colinas, TEXAS 75063
PhoneText/Fax: 833-444-4714
Mobile:       214-244-4714
Email: *david@laborassociates.com*

**ATTORNEYS FOR PLAINTIFF**