## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **MARY MANLEY,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:23-cv-01122-O |
| | § | |
| **STOY LAW GROUP, PLLC** a Texas Domestic Limited Liability Company and **CHRISTOPHER E. STOY**, an individual, | § § § § § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES STOY LAW GROUP, PLLC a Texas Domestic Limited Liability Company and CHRISTOPHER E. STOY, an individual ("Defendants") file this Answer to Plaintiff's Original Complaint. Pursuant to Federal Rule of Civil Procedure 8(b), Defendants respond to the allegations in each corresponding paragraph of the Complaint as follows:

## I.
## PARTIES

1. Defendants admit the factual allegations in Paragraph 1 of the Complaint, except Defendants lack personal knowledge of Plaintiff's current domicile.

2. Defendants admit the factual allegations in Paragraph 2 of the Complaint.

3. Defendants admit the factual allegations in Paragraph 3 of the Complaint.

4. With respect to Paragraph 4 of the Complaint, it requires no answer of Defendants.

## II.
## JURISDICTION AND VENUE

5. Defendants are not aware whether there is diversity of citizenship, but admits Defendants are Texas citizens and Plaintiff claims to be a citizen of Utah.

6. Defendants admit that venue is proper in this Court.

## III.
## CONDITIONS PRECEDENT

7. Defendant denies the allegations set forth in paragraph 7. Plaintiff admits that the parties are required to attempt to mediate prior to filing suit, but states that if an agreement cannot be reached as to a mediator, the party wishing to file suit must first get a mediator appointed by the presiding civil district judge of Tarrant County. Plaintiff denies that all conditions precedent to filing suit have been met.

8. With respect to Paragraph 8 of the Complaint, Defendants are without sufficient information to admit or deny the same and as such, those allegations are denied.

## IV.
## STATEMENT OF FACTS

9. Defendants admit that the law firm hired Plaintiff as its Chief Operating Officer. Defendants deny the remaining allegations in Paragraph 9 of the Complaint.

10. Defendants deny Plaintiff was induced to take any actions and denies the remaining allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11.

12. Defendants admit only so much of Paragraph 12 of the Complaint that alleges the Firm terminated Plaintiff's employment on July 18, 2023 and that Exhibit B attached to the Complaint is a copy of the termination notice. Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants admit only so much of Paragraph 14 of the Complaint that alleges Plaintiff filed for divorce from Defendant Stoy. Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

## V.
## COUNT ONE: CONDITION PRECEDENT

17. The allegations in Paragraph 17 of the Complaint require no answer of Defendants but to the extent that they require an answer, Defendants deny those allegations.

18. Defendants deny that Plaintiff met the necessary condition precedent of mediation prior to suit through the appointment by the presiding civil district judge of Tarrant County, Texas.

## VI.
## COUNT TWO: BREACH OF CONTRACT

19. The allegations in Paragraph 19 of the Complaint require no answer of Defendants but to the extent that they require an answer, Defendants deny those allegations.

20. Defendants admit the allegations in paragraph 20.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint. Defendant Stoy is not even a party to the Contract.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

## VII.
## COUNT THREE: TORTIOUS INTERFERENCE WITH CONTRACT

25. The allegations in Paragraph 25 of the Complaint require no answer of Defendants

but to the extent that they require an answer, Defendants deny those allegations.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

## VIII.
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. The allegations in Paragraph 30 of the Complaint require no answer of Defendants but to the extent that they require an answer, Defendants deny those allegations.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

## IX.
## JURY DEMAND

32. Defendants hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## X.
## DAMAGES

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that their answer be deemed good and sufficient and all claims by Plaintiff against Defendants be dismissed, with prejudice, and such other and further relief, legal and equitable, including attorney's fees, be awarded Defendants.

Respectfully submitted,

*/s/ Vincent P. Circelli*
Vincent P. Circelli
State Bar No. 24058804
vcircelli@dcclawfirm.com
**DUGAS & CIRCELLI, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone:	(817) 945-3061
Facsimile:	(682) 219-0761

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record pursuant to the Federal Rules of Civil Procedure on April 10, 2024, in the manner described below:

David M. Curtis
**DAVID M. CURTIS & ASSOCIATES, PC**
7750 North MacArthur Blvd., Suite 120-373
Las Colinas, Texas 75063

*/s/ Vincent P. Circelli*
Vincent P. Circelli

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **MARY MANLEY,** § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | Case No. 4:23-cv-01122-O |
| § | | |
| **STOY LAW GROUP, PLLC a Texas Domestic Limited Liability Company and CHRISTOPHER E. STOY, an individual,** § § § § § | | |
| § | | |
| *Defendants*. § | | |

### UNSWORN DECLARATION OF VINCENT P. CIRCELLI

1. My name is Vincent P. Circelli and I hereby state under penalty of perjury under the laws of the United States of America the following facts, which are within my personal knowledge, are true and correct:

2. I am a Partner at the law firm Dugas & Circelli, PLLC and have been retained by Defendants in this case.

3. I hereby assert and declare that the factual statements included in Defendants' Unopposed Motion to Set Aside Entry of Default and Defendants' Unopposed Motion for Leave to File Their Original Answer are true and correct and within my personal knowledge.

4. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 10, 2024

*/s/ Vincent P. Circelli*
Vincent P. Circelli