IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARY MANLEY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:23-cv-01122-O |
| | § | |
| STOY LAW GROUP, PLLC a Texas Domestic Limited Liability Company and CHRISTOPHER E. STOY, an individual, | § § § § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANTS' FIRST AMENDED ANSWER
AND ORIGINAL COUNTERCLAIMS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES STOY LAW GROUP, PLLC a Texas Domestic Limited Liability Company (the "Firm") and CHRISTOPHER E. STOY, an individual ("Stoy") (collectively the Firm and Stoy are referred to as "Defendants") to file this Amended Answer to Plaintiff's Original Complaint and Original Counterclaims. Pursuant to Federal Rule of Civil Procedure 8(b), Defendants respond to the allegations in each corresponding paragraph of the Complaint as follows:

**FIRST AMENDED ANSWER**

**I.
PARTIES**

1.   Defendants admit the factual allegations in Paragraph 1 of the Complaint, except Defendants lack personal knowledge of Plaintiff's current domicile.

2.   Defendants admit the factual allegations in Paragraph 2 of the Complaint.

3.   Defendants admit the factual allegations in Paragraph 3 of the Complaint.

4. With respect to Paragraph 4 of the Complaint, it requires no answer of Defendants.

## II.
## JURISDICTION AND VENUE

5. Defendants are not aware whether there is diversity of citizenship, but admits Defendants are Texas citizens and Plaintiff claims to be a citizen of Utah.

6. Defendants deny that venue is proper in this Court because there is a pending legal action in County Court at Law No. 2 of Parker County, Texas involving the same or similar subject matter and the same *res* at issue here.

## III.
## CONDITIONS PRECEDENT

7. Defendant denies the allegations set forth in paragraph 7. Plaintiff admits that the parties are required to attempt to mediate prior to filing suit, but states that if an agreement cannot be reached as to a mediator, the party wishing to file suit must first get a mediator appointed by the presiding civil district judge of Tarrant County. Plaintiff failed to obtain such an appointment. Plaintiff denies that all conditions precedent to filing suit have been met.

8. With respect to Paragraph 8 of the Complaint, Defendants are without sufficient information to admit or deny the same and as such, those allegations are denied.

## IV.
## STATEMENT OF FACTS

9. Defendants admit that the law firm hired Plaintiff as its Chief Operating Officer. Defendants deny the remaining allegations in Paragraph 9 of the Complaint.

10. Defendants deny Plaintiff was induced to take any actions and denies the remaining allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11.

12. Defendants admit only so much of Paragraph 12 of the Complaint that alleges the

Firm terminated Plaintiff's employment on July 18, 2023 and that Exhibit B attached to the Complaint is a copy of the termination notice. However, Plaintiff had previously resigned in December 2022 and repudiated the Contract. Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

13.     Defendants deny the allegations in Paragraph 13 of the Complaint.

14.     Defendants admit only so much of Paragraph 14 of the Complaint that alleges Plaintiff filed for divorce from Defendant Stoy. Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15.     Defendants deny the allegations in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations in Paragraph 16 of the Complaint.

## V.
## COUNT ONE: CONDITION PRECEDENT

17.     The allegations in Paragraph 17 of the Complaint require no answer of Defendants but to the extent that they require an answer, Defendants deny those allegations.

18.     Defendants deny that Plaintiff met the necessary condition precedent of mediation prior to suit through the appointment by the presiding civil district judge of Tarrant County, Texas.

## VI.
## COUNT TWO: BREACH OF CONTRACT

19.     The allegations in Paragraph 19 of the Complaint require no answer of Defendants but to the extent that they require an answer, Defendants deny those allegations.

20.     Defendants admit the allegations in paragraph 20.

21.     Defendants deny the allegations in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the Complaint.  Defendant Stoy

is not even a party to the Contract.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

## VII.
## COUNT THREE: TORTIOUS INTERFERENCE WITH CONTRACT

25. The allegations in Paragraph 25 of the Complaint require no answer of Defendants but to the extent that they require an answer, Defendants deny those allegations.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

## VIII.
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. The allegations in Paragraph 30 of the Complaint require no answer of Defendants but to the extent that they require an answer, Defendants deny those allegations.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

## IX.
## JURY DEMAND

32. Defendants hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## X.
## DAMAGES

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

## FIRST AMENDED AFFIRMATIVE DEFNESES

1.     ***Parallel Litigation***.  Plaintiff's claim is barred, in whole or in part, by the doctrine of parallel litigation, as Plaintiff has a first-filed case pending in County Court at Law Number 2 of Parker County, Texas, Civ-23-0463, captioned *In the Matter of the Marriage of Mary Margaret Manley and Christopher E. Stoy* (the "Divorce Proceeding").  The Divorce Proceeding involves the same evidence, damages, claims, and allegations as the present action.

2.     ***Forum Non-Conveniens***.  Plaintiff's claim is barred, in whole or in part, by the doctrine of *forum non-conviens*, as Plaintiff has the first-filed Divorce Proceeding in state court in Parker County, Texas.  Plaintiff and Defendant Stoy have repeatedly appeared in the Divorce Proceeding, temporary orders have been issued, and the facts, evidence, and witnesses are all located or available in Parker County, Texas.  The Divorce Proceeding subsumes the same evidence, damages, claims, and allegations as the present action.  Plaintiff therefore requests that the Court dismiss the present case pursuant *forum non-conveniens* so that the claims can be pursued in a single forum and venue.

3.     ***Comity***.  Plaintiff's claim is barred, in whole or in part, by the doctrine of comity, as Plaintiff has the first-filed Divorce Proceeding in state court in Parker County, Texas.  In the Divorce Proceeding, the state court has already issued temporary orders regarding payments due between Defendant Stoy and Plaintiff that could be affected by any rulings from this Court.  The concept of comity requires that the present case be dismissed.

4.     ***Repudiation of Contract***.  Plaintiff's claims are barred in whole or in part by repudiation because Plaintiff voluntarily resigned from her employment on January 1, 2023, thereby repudiating the Contract and any enforcement thereof.

5. **_Equitable Estoppel_**. Plaintiff's claims are barred in whole or in part by the doctrine of equitable estoppel.

6. **_Unjust Enrichment_**. Plaintiff's claims are barred in whole or in part by the doctrine of unjust enrichment, as Plaintiff's retention of the payments she received, plus the damages she seeks, plus the double recovery of the same amounts in her other pending proceedings would be unjust, duplicative, and unearned.

7. **_Waiver_**. Plaintiff has waived numerous provisions in the Contract and legal rights by taking affirmative steps at odds with the Contract and/or by preemptively breaching the Contract. For example, and without limitation, Plaintiff waived by unilaterally and filing this lawsuit in federal court without first participating in condition precedent mediation, by filing the Divorce Proceeding and seeking the same damages in that case, and in other ways.

8. **_Accord and satisfaction_**. Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction, as Plaintiff has received at least some portion of the damages she seeks in the temporary orders in the Divorce Proceeding.

9. **_Failure of Consideration_**. Plaintiff's claims are barred in whole or in part because of failure of consideration under the Contract. Plaintiff failed provide the services required by the Contract and claims she was not required to provide any consideration in exchange for the payments she seeks, so the consideration fails.

10. **_Improper Party_**. Plaintiff's claims are barred in whole or in part because Defendant Stoy, individually, is not a party to the Contract Plaintiff bases her lawsuit on.

11. **_Contort_**. Plaintiff's non-contractual claims are barred in whole because the source of any alleged duties and nature of any alleged injuries to Plaintiff all arise strictly under the Contract.

12. **_Estoppel_**.  Plaintiff's claims are barred in whole or in part by estoppel because Plaintiff voluntarily resigned from her employment on January 1, 2023.

13. **_Offset_**. Any recovery by Plaintiff in this action must be offset by her recovery of monies and sums from the Divorce Proceedings that cover the same _res_, claims, actions, or Contract.

## ADDITIONAL FACTS RELEVANT TO COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

1. Stoy and Plaintiff were briefly married.  During that time, Plaintiff was hired to act as the Firm's Chief Operating Officer and as a trial lawyer on or about November 1, 2021. Plaintiff was licensed to practice law in Utah at that time but was required to begin work on Texas cases as soon as she became licensed in Texas.

2. Plaintiff began her application to the State Bar of Texas on or about the time she began working for the Firm.  The Firm patiently waited for her licensure before assigning her Texas legal work, though the Contract required her to work as a trial lawyer on the Firm's cases.

3. As weeks turned into months, the Firm eventually learned that Plaintiff had actually become licensed in Texas but hid that fact from Defendants.  Plaintiff eventually admitted she hid her Texas licensure from the Firm because she didn't want to be assigned depositions and other legal assignments.

4. Even after becoming licensed, while employed by the Firm, Plaintiff failed to perform her duties as an attorney required by the Contract.  Plaintiff took no depositions and, on information and belief, never attended or handled a hearing.  Plaintiff sat second chair in one trial but was woefully unprepared and unskilled.  Plaintiff's legal work was sub-par and she refused to do basic tasks assigned to her in violation of the Contract.

5. In addition, one of Plaintiff's main assignments under the Contract was to learn and work with the Firm's case management software, but she failed to learn the software, failed to

implement improvements required by the Contract, and failed to act in a professional manner at the Firm's office.

6. After months of poor legal performance, dishonesty, and failed legal tasks, Plaintiff abruptly resigned from the firm on December 2, 2022, in writing by text message (effective January 1, 2023).



7. Plaintiff said she would be looking for a new job beginning the date of her resignation and ceased regularly coming into the Firm's office as of that date.

8. After her resignation and repudiation of the Contract, Plaintiff would occasionally return to the Firm's office, but no new Contract was ever signed, and no new employment agreement was entered.

9. Plaintiff moved to Utah on or about July 2023 and stated she was no longer working on any cases associated with the Firm.

10. Plaintiff filed a divorce petition July 5, 2023 in County Court at Law No. 2 of Parker County, Texas. The Divorce Proceeding remains pending and active today.

11. After Plaintiff left the Firm, she has failed and refused to turn over her firm-issued computer and other Firm possessions, despite the requirements in the Firm handbook and her agreement to do so. The Firm handbook states, in relevant part:

> **EQUIPMENT**
>
> As part of your employment, you may be provided equipment such as a computer, laptop, tablet, charger and cable, keyboard, mouse, and other accessories. Use of Firm computers, laptops, tablet, PCs, is a privilege granted by Firm management and may be revoked at any time. **All equipment is owned by the Firm and is Firm property.** You are responsible for keeping the equipment in good repair.
>
> Upon separation of your employment with the Firm for any reason, you are required to return all Firm equipment, including, but not limited to, laptops, iPad, charging cords, etc., to the Firm within two (2) days of your separation date in person or via mail. If mailed, proof of shipping, including shipping information, shall be provided within two (2) days of your separation date. Failure to return the Firm's equipment or returning damaged equipment will result in the replacement cost for such unreturned or damaged equipment being withheld from your final pay check, pursuant to Texas law.

## **DEFENDANT STOY LAW GROUP, PLLC COUNTERCLAIMS**

A. **Cause of Action 1: Breach of Contract.**

12. Defendant Stoy Law Group, PLLC ("The Firm") reasserts and realleges the allegations set forth in the paragraphs above.

13. Plaintiff entered into the Contract with the Firm.

14. Among other things, Plaintiff promised to "devote full working time and attention to the practice of law for the Firm," learn the firm's software and "determine additional ways to maximize the Firm's efficiency."

15. Plaintiff breached the Contract by failing to work full time and to devote full attention to the Practice of Law at the Firm and failed to learn the Firm's software or determine additional ways to maximize the Firm's efficiency with that software.

16. Plaintiff owes the Firm the full benefits bargained for under the Contract

17. Therefore, Plaintiff has denied the Firm the full benefits owed to it under the Contract.

18. As a result of Plaintiff's breach of the Contract, the Firm has sustained actual damages, consequential damage, and has incurred reasonable and necessary attorney's fees to date.

**B.    Cause of Action 2: Declaratory Judgment.**

19. The Firm reasserts and realleges the allegations set forth in the paragraphs above.

20. Pursuant to 28 U.S.C. § 2201, the Firm seeks a declaration as to whether:

   a. To the extent Plaintiff did not pre-emptively breach the Contract, the Contract is illusory because it lacks consideration on Plaintiff's part, its lack of definiteness as to the required consideration on Plaintiff's part, and because it requires only the Firm to perform by paying Plaintiff regardless of whether she performed any tasks.

   b. Is not entitled to a fee percentage for any case or client she abandoned when she moved to Utah in July 2023 and informing the Firm "I don't have a job, so there ist [sic] anything I can do right now" when asked about the cases.

   c. Plaintiff failed to comply with the Contract's condition precedent to filing suit of

mediation through the appointment by the presiding civil district judge of Tarrant County, Texas.

C. **Cause of Action 3: Conversion.**

21. The Firm had legal possession of or was entitled to possession of Firm Property, including the laptop computer issued to Plaintiff.

22. Plaintiff assumed and exercised dominion and control of the Firm's property in an unlawful and unauthorized manner after she resigned from the Firm by failing to return the property within two (2) days.

23. The Firm demanded the return of Firm property on multiple occasions.

24. Plaintiff has failed and refused to return the Property to date.

## ATTORNEY'S FEES

25. Defendants reassert and reallege the allegations set forth above.

26. Defendants engaged the undersigned attorney to prosecute this lawsuit against Plaintiff and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

27. Defendants are entitled to reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.

## VIII.   CONDITIONS PRECEDENT

28. All conditions precedent to Defendants' right to recover have been fully performed or have been waived by Plaintiff.

## IX.   DEMAND FOR JURY

29. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants herein request a jury trial and along with the filing of their answer, affirmative defenses, and counterclaims has tendered to the Clerk of the Court the statutory jury fee.

## X.   DEFENDANT'S PRAYER

Defendants respectfully pray that Plaintiff take nothing and that a final judgment be entered in favor of Defendants on all of the causes of action and allegations asserted in the instant action and that they recover actual damages, consequential damages, statutory damages, statutory interest allowed and any damages from and against Plaintiff that may reasonably be established by a preponderance of the evidence, and that Defendants be awarded attorney's fees through trial and appeal, costs of court, pre-judgment and post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Defendants may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Vincent P. Circelli*
Vincent P. Circelli
State Bar No. 24058804
vcircelli@dcclawfirm.com

**DUGAS & CIRCELLI, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone:   (817) 945-3061
Facsimile:   (682) 219-0761

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record pursuant to the Federal Rules of Civil Procedure on June 14, 2024, in the manner described below:

David M. Curtis
**DAVID M. CURTIS & ASSOCIATES, PC**
7750 North MacArthur Blvd., Suite 120-373
Las Colinas, Texas 75063

                                    */s/ Vincent P. Circelli*
                                    Vincent P. Circelli